UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

SERGEY FUZAYLOV on behalf of himself and
all other similarly situated consumers

                             Plaintiff,                                  Case No.

          -against-

COAST PROFESSIONAL, INC.

                             Defendant.
_____

## CLASS ACTION COMPLAINT

1.     Sergey Fuzaylov (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Coast Professional Inc (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

2.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

3.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4.     Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

5.     At all relevant times, Defendant conducted business within the State of New York.

### PARTIES

6.     Plaintiff Sergey Fuzaylov is an individual who is a citizen of the State of New York

residing in Queens County, New York.

7.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.    On information and belief, Defendant's principal place of business is located in West Monroe, LA.

9.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers

10.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11.    Defendant alleges that the Plaintiff owes a debt ("the debt").

12.    The debt was primarily for personal, family or household purposes and are therefore "debt" as defined by 15 U.S.C. § 1692a(5).

13.    Sometime after the incurrence of the debts, Plaintiff fell behind on payments owed.

14.    Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

15.    In its efforts to collect the debt, Defendant contacted Plaintiff Sergey Fuzaylov by letter dated September 27th, 2016. ("**Exhibit 1**.")

16.    Upon affirmation and believe, the September 27th, 2016 letter was the Defendant's initial communication with the Plaintiff.

17.    In its efforts to collect the debt, Defendant contacted Plaintiff Sergey Fuzaylov by another letter dated October 3rd, 2016. ("**Exhibit 2**.")

18.    The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g

19.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

20.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21.    15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22.    There is no requirement that the consumer dispute the debt in writing.

23.     It is a violation of FDCPA to require disputes be made in writing.

24.    It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

25.    It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

26.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

27.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required §1692g(a)(3) statement.

28.    It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

29.    Defendant's September 27th, 2016 letter to Plaintiff states "If you wish to request substantiation of the debt, you may make a request for substantiation by notifying Coast Professional, Inc. in writing to: P.O. Box 2899 West Monroe, LA 71294, indicating that you are requesting substantiation of the debt."

30.    The collection letter provides additional information but fails to provide any disclosures that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31.    Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013)

32.    Disputes may be made orally.

33.    The language concerning written correspondence concerning substantiation of the debt without any further disclosures about disputing validity of the debt overshadows the required 15 U.S.C. §1692g(a)(3) statement.

34.    The language concerning written correspondences concerning substantiation of the debt without any further disclosures about disputing validity of the debt contradicts the required 15 U.S.C. §1692g(a)(3) statement.

35.    The language concerning written correspondences concerning substantiation of the debt without any further disclosures about disputing validity of the debt, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

36.    The language concerning written correspondences concerning substantiation of the debt without any further disclosures about disputing validity of the debt, when examined from

the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

37.    The language concerning written correspondences concerning substantiation of the debt without any further disclosures about disputing validity of the debt, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that his dispute must be in writing.

38.    Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e

39.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

42.    Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

43.    The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

44.    The collection letters could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

45.    Because the collection letters were reasonably susceptible to an inaccurate reading, as described above, they are deceptive within the meaning of the FDCPA.

46.    The least sophisticated consumer would likely be deceived by the letter.

47.    The least sophisticated consumer would likely be deceived in a material way by the letter.

48.    The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

49.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e

50.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51.    15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

52.    § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees.  Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

53.    Defendant's collection letters fails to include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

54.    An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest or not.

55.    Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. § 5001(a))).

56.    Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

57.    "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

58.    Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the monthly payment. N.Y. C.P.L.R. § 5001(b).

59.    "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004.  Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

60.    Defendant's September 27th, 2016 collection letter indicated "Current Balance" of $37,253.21.

61.    Defendant's October 3rd, 2016 collection letter indicated "Current Balance" of $37,282.09.

62.    The indicated "Current Balance" in both letters was for an amount that included original principal, fees, and contractual interest.

63.    The said September 27th and October 3rd, 2016 letters failed to correctly state the full the amount of the debt allegedly owed.

64.    Thought the September 27th and October 3rd, 2016 letters listed an "Current Balance" the letters did not state on which date the "Current Balance" was calculated, and did not explain that contractual or statutory interest and/or legal fees would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date he makes a payment.

65.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

66.    However, since contractual or statutory interest is automatically accruing daily a consumer who pays the "Current Balance" stated on the notice will be unaware as to whether or not the debt has been paid in full.

67.    The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

68.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but

mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

69.   Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

70.   The amount of "Current Balance" automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

71.   Collection notices that state only the "Current Balance" but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

72.   To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

73.   Coast Professional Inc, Inc was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, Coast Professional Inc was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

74.   Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

75.   Coast Professional Inc knew that the balance would increase due to interest, fees and/or disbursements.

76.   The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is

embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."  Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

77.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

78.    The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

79.    The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).  A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

80.    A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

81.    A debtor who pays the "Current Balance" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

82.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

83.    Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e and § 1692f**

84.    § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

85.    15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

86.    15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

87.    15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

88.    §1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

89.    The September 27th and October 3rd 2016 letters state "Penalty Charges"

90. The "Penalty Charges" are listed as "$0.00"

91. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

92. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

93. Although the "Penalty Charges" are listed as "$0.00" the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Penalty Charges" added to the debt in the future.

94. The letter falsely implies that Defendant has the right to add "Penalty Charges" to the debt.

95. Defendant has no legal basis to add "Penalty Charges" to the debt.

96. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

97. The letter falsely implies that Defendant has the right to add a fee to the debt.

98. Defendant has no legal basis to add a fee to the debt.

99. Defendant's conduct, as described, violates § 1692e and § 1692f.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

100. The said letter is a standardized form letter.

101. On information and belief, the Defendant's collection letter, numbers in the hundreds.

102. Defendant's letter is in violation of 15 U.S.C. §§ 1692g(a)(3) and 1692e, 1692e(2)(A) and 1692e(10) and 1692f of the FDCPA for misrepresenting Plaintiff's right to dispute the debt, for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by the Plaintiff and for threatening or attempting to collect an unlawful fee.

103.  Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

104.  Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

105.  Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

106.  Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

107.  Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

108.  Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

109.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

110.  These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

111.  Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and

permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

112.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

113.    The identities of all class members are readily ascertainable from Coast Professional Inc records and those business and governmental entities on whose behalf it attempts to collect debts.

114.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Coast Professional Inc and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

115.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

116.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

117.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

118.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    b.    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    c.    **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.    **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

119.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

120.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

121.    Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

122.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## PRAYER FOR RELIEF

123.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

124.    Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)    Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
          February 23st 2017

                              /s/ Igor Litvak
                              Igor Litvak, Esq.
                              Attorneys for the Plaintiff
                              The Litvak Law Firm, PLLC
                              1701 Avenue P
                              Brooklyn, New York 11229
                              Office: (718) 989-2908
                              Facsimile: (718) 989-2908
                              E-mail: Igor@LitvakLawNY.com


Plaintiff requests trial by jury on all issues so triable.

     /s/ Igor Livak